IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAKE A.T. CRUMLEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-265-GBW |
| SUPERIOR COURT OF NEW CASTLE COUNTY, et al., | : |
| Defendants. | : |

Jake A.T. Crumley, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 18, 2023
Wilmington, Delaware

**WILLIAMS, District Judge:**

Plaintiff Jake A.T. Crumley appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). His Complaint was filed on March 10, 2023. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

In his Complaint, Plaintiff named as Defendants the Superior Court of New Castle County, the Family Court of New Castle County, the Wilmington Police Department, and the "Division of Child and Youth Division of Delaware." (D.I. 2). On the Complaint form, for basis of jurisdiction, Plaintiff selected "U.S. Government Defendant." (Id. at 3). Although he did not select "Federal Question," in a space for indicating which federal constitutional or federal statutory rights were violated if federal question were selected, Plaintiff wrote, "Collusion." (*Id.*). The Complaint was otherwise bereft of any allegations or claims or claim for relief.

A little over a month after filing the complaint, Plaintiff filed a "Grounds for Civil suit/Motion to remove," apparently indicating that he was seeking to remove the case of "Jake Crumley VS Wilmington Police Department." (D.I. 5). For

1

authority, he cites "Rule 28." (*Id.* at 2). He listed ten "grounds" for his civil suit and/or removal:

> Denial of Delaware department of transportation due to process of mandatory medical evaluation and treatment for head on collision.
>
> Obtaining and falsely entering illegitimate blood specimen into case evidence.
>
> Physical misconduct during time of detainment.
>
> Falsely filing a motor vehicle infraction as criminal/domestic incident via D.O.C.
>
> Failure to afford a registered citizen of Delaware/United State Constitutional rights for due process.
>
> With direct intention to deny rights and deceive, ignored alleged illegal professional misconduct allegations, and accepted testimony from Officers/Agency in question.
>
> Knowingly/Intentionally accepting illegally obtained blood specimen, that shows no positive level of intoxicants and illegally commencing unconstitutional procedure via State afforded Court.
>
> Illegally removed children from parents/Petitioners' custody without just cause to not afford Statewide taxpayer programs designed for "Monitored" immediate reunification protocols/processes.
>
> Did not provide (while ignoring numerous documented complaints to Office of Disciplinary Council) sufficient/adequate legal representation of a declared indigent citizen/resident of Delaware/United States per State code/Constitutionally afforded rights.
>
> Allowed what State has claimed a mentally unstable resident/Citizen to represent himself "Pro Se" in a State based Court/legally binding

procedure, thus neglecting right to effective and knowledgeable legal representation.

(*Id.* at 1-2).

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an

4

entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

To the extent that the Complaint, in conjunction with Plaintiff's "Grounds for Civil suit/Motion to remove," may be construed as a petition to remove a State civil case to this Court, only a defendant is permitted to petition for such removal. *See* 28 U.S.C. § 1441(a). Accordingly, if this was Plaintiff's intent, the Complaint is frivolous.

To the extent the Complaint may be construed as a petition to remove a State criminal matter, it is similarly frivolous. Removal of State criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of

5

the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. § 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792 (quoting 28 U.S.C. § 1443(1)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219, (1975) (citations omitted).

None of Plaintiff's assertions quoted above provide a basis for this Court's proposed exercise of subject-matter jurisdiction over Plaintiff's State criminal case. Nor are there plausible allegations that Plaintiff cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). Plaintiff's filings simply do not lead to the conclusion that he cannot enforce any asserted rights in State

6

court. Moreover, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20.

Accordingly, the Complaint will be dismissed as frivolous. The Court finds amendment futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order will be entered.